UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
MOHAMMAD KALEEM ANJUM and ) CASE NO. 08-31601
DIANA JEAN ANJUM, )
) CHAPTER 7
       DEBTORS )
)
FAISAL FARUQI, )
       PLAINTIFF )
)
v. )
)
DIANA JEAN ANJUM, )
       DEFENDANT ) ADV. PROC. NO. 08-03087

**MEMORANDUM-OPINION**

  THIS CORE PROCEEDING[1] came before the Court for trial on February 23, 2009. Both the Plaintiff, Faisal Faruqi ("Faruqi"), and the Defendant, Diana Jean Anjum ("Anjum"), appeared with counsel. The Court considered the testimony and exhibits presented at trial on the Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a) filed by Faruqi against Anjum. The Court enters the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT**

  Faruqi is a resident of St. Louis County, Missouri. Anjum is a resident of Louisville, Kentucky. The two married in July 1999, but divorced on September 19, 2000, and had one daughter that same year. The parties have engaged in what can be described as a heated and ugly

---

[1] 28 U.S.C. § 157(b)(2)(I)

battle for custody of their daughter. As of the date of this hearing, Faruqi has sole legal and physical custody of the daughter, and Anjum has restricted visitation rights.

On or about September 5, 2001, Anjum, represented by counsel, filed a lawsuit in the Circuit Court of the City of Saint Louis ("the Missouri trial court"), Case No. 012-9322, naming Faruqi, among others, as a defendant. Faruqi obtained a summary judgment on several of Anjum's claims against him, and the Missouri trial court set the remaining claims for trial on September 8, 2003. On September 3, 2003, Anjum moved to continue the trial, and on September 5, 2003, the Missouri trial court continued the trial until October 20, 2003.

On September 8, 2003, Faruqi obtained a second summary judgment on several additional claims brought by Anjum. The Missouri trial court made the judgment final as to certain counts for purposes of appeal, and Anjum filed a notice of appeal as to those counts.

On October 20, 2003, Faruqi appeared in the Missouri trial court ready for trial, but Anjum and her counsel failed to appear. The Missouri trial court then granted Faruqi's motion to dismiss without prejudice for failure to prosecute. Anjum said that she did not appear at trial on October 20, 2003, because her attorney had told her the pending appeal made it unnecessary.

Faruqi moved to sanction Anjum on October 28, 2003. On November 3, 2003, the Missouri trial court heard Anjum's Motion to Reconsider Order and Judgment Dismissing Plaintiff's Remaining Claims and granted the motion to reinstate the case. The Missouri trial court set a new trial date for December 8, 2003.

Also at the November 3 hearing, the Missouri trial court granted Faruqi's motion for sanctions and ordered Anjum personally to pay $5,000 on or before 12:00 pm, December 5, 2003, to the law firm of Curtis, Oetting, Heinz, Garrett & O'Keefe, P.C., which represented

Faruqi. In the event Anjum failed to pay the $5,000 sanctions, the prior order of October 20, 2003, dismissing the case without prejudice, would be reinstated automatically. Anjum filed a motion to set aside the sanctions award, which the Missouri trial court denied on December 1, 2003.

On December 4, 2003, Anjum appealed the order sanctioning her to the Missouri Court of Appeals for the Eastern District. "Specifically, she contend[ed] her failure to appear on the trial date was a result of a good faith belief that the proceedings were stayed." Plaintiff's Exhibit 6 at 6 (the "Missouri Court of Appeals opinion").

The Missouri Court of Appeals opinion characterized the sanctions as being for "unreasonable delay," *Id.* at 3, and further stated that "the judicial process was disrupted by [Anjum's] counsel's repeated delays." *Id.* at 8-9. The Missouri Court of Appeals opinion affirmed the sanctions order on September 28, 2004.

On November 1, 2007, Faruqi filed a Notice and Affidavit of Foreign Judgment Registration in Kentucky for the $5,000 in sanctions.

Anjum and her husband filed for relief under Chapter 7 of the Bankruptcy Code on April 18, 2008, but did not list the $5,000 sanctions award. Anjum did schedule a separate $550 judgment owed to Faruqi.

For value received, Faruqi's Missouri law firm of Curtis, Heinz, Garrett & O'Keefe, P.C. (Oetting having since been removed from the name of the firm), assigned without recourse the $5,000 sanctions award to Faruqi on July 15, 2008.

Faruqi filed this adversary proceeding on July 21, 2008, seeking to except the $5,000 in sanctions from discharge pursuant to 11 U.S.C. § 523(a)(6) (willful and malicious injury). At

3

trial on February 23, 2009, Faruqi called Anjum and Faruqi as witnesses. Anjum did not call any witnesses but cross-examined both Anjum and Faruqi.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Proceeding venue is proper under 28 U.S.C. § 1409(a). The parties have submitted to the jurisdiction of this Court.

Under the Bankruptcy Code, debts arising from the willful and malicious injury by the debtor to another or another's property may be excepted from discharge in bankruptcy. 11 U.S.C. § 523(a)(6). The creditor bears the burden of proving the elements of § 523(a)(6) by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 287, 11 S.Ct. 654, 659 (1991). Subsection 523(a)(6) provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt-
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The willful and malicious standard is a stringent one, and "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 978 (1998). The Sixth Circuit, post *Geiger*, has held that "[a]n intentional or deliberate act alone does not constitute willful and malicious conduct under § 523(a)(6)." *In re Romano*, 59 Fed. Appx. 709, 715 n.6, 2003 WL 731723, at **6 n.6 (6th Cir. 2003). Instead, the creditor must prove that the debtor intended a deliberate or intentional injury, not merely a deliberate or intentional act that causes injury. "[Unless] the actor desires to cause [the] consequences of his act, or . . . believes that the consequences are substantially certain to

result from it, he has not committed a willful and malicious injury as defined under § 523(a)(6)." *In re Kennedy*, 249 F.3d 576, 580 (6th Cir. 2001).

Faruqi failed to carry his burden of proof. Evidence showed that Anjum failed to appear at the trial scheduled for October 20, 2003, and the Missouri trial court ordered her to pay $5,000. According to the Missouri Court of Appeals opinion, this sanction compensated Faruqi for the attorneys' fees incurred preparing for that trial date. The Missouri trial court, however, did not hold Anjum in contempt of court, it dismissed the case *without prejudice*, and it conditionally reinstated the case upon motion. The Missouri Court of Appeals did not hold that Anjum was acting in bad faith. Instead, it held only that the sanction order was proper even if Anjum had acted in good faith. These facts demonstrate that the Missouri trial court did not believe Anjum was acting with the intent to injure Faruqi.

Nor did Faruqi introduce sufficient direct evidence to convince this Court that Anjum acted willfully <u>and</u> maliciously rather than merely negligently or recklessly when she failed to appear on October 20, 2003. The evidence showed instead that Faruqi and Anjum have a contentious and litigious relationship arising out of their divorce and the battle for custody over their daughter. While the Court has no doubt that the parties hold ill will towards each other, the Court finds no reason to disbelieve Anjum's testimony that she failed to appear at the scheduled trial because her attorney told her it was unnecessary.

## **CONCLUSION**

Faruqi failed to show that Anjum's absence from court on October 20, 2003, was a willful <u>and</u> malicious attempt to injure him as contemplated in 11 U.S.C. § 523(a)(6). Neither the Missouri court orders nor the direct evidence of Anjum's actions demonstrated that Anjum failed

5

to appear at the scheduled trial date because she intended to injure Faruqi. Her failure to appear and the sanction order, without more, are insufficient for this Court to find that this debt should be excepted from discharge pursuant to § 523(a)(6). Exceptions to the operation of a bankruptcy discharge ordinarily are strictly construed against the objector and liberally in favor of the debtor. *See, e.g., Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289 (1915); *In re Ward*, 857 F.2d 1082, 1083 (6th Cir. 1988). A judgment accompanying this Memorandum shall be entered this same date.